ADOLPHUS DURANT *vs.* ESSEX COMPANY.

A final decree of the supreme court of the United States, dismissing a bill in equity after a hearing, is a bar to a subsequent suit in equity in this court for the same cause, between the same parties, although the record shows that such decree was passed by a divided court.

BILL IN EQUITY, to which the defendants filed a plea in bar setting forth that the plaintiff formerly commenced in the United States circuit court for the district of Massachusetts a bill in equity against the defendants for the same cause, which was dismissed, and on appeal to the supreme court of the United States the decree dismissing the same was affirmed, " by a divided court." The defendants also filed another plea in bar and an answer, and the case was reserved by *Dewey,* J. for the determination of the whole court, upon facts which are sufficiently stated in the opinion.

*C. Cushing & N. W. Hazen,* for the plaintiff. The appellate court ordered it to be made a part of the record of its decree, in the former case, that it was made by a divided court. By this

order they designed that nothing done by them should affect either party in another proceeding. The plaintiff seeks relief against a fraud, the existence of which has been judicially established, but without producing any final judicial determination upon the merits. A decree was at one time made in his favor which he declined to accept, deeming it inadequate. The judge subsequently reversed his former decree, and ordered the bill to be dismissed. This decree was affirmed, on appeal, by a divided court. The court were divided, as the plaintiff has always been informed, on the measure of relief; but they were unanimous that the plaintiff was entitled to some relief. He now seeks his remedy in this court. For all the purposes of this case, the supreme court of the United States is a foreign court, nor is their decree binding upon this court, to prevent justice. See *Ostell* v. *Lepage,* 5 De G. & Sm. 95; *Cann* v. *Cann,* 1 P. W. 723. Even at common law, the principle of *res judicata* is only applicable to matters directly adjudicated. *Dutton* v. *Woodman,* 9 Cush. 261. *Burlen* v. *Shannon,* 14 Gray, 438. *Clapp* v. *Thomas,* 5 Allen, 158. *Clapp* v. *Thaxter,* 7 Gray, 384. *Sweet* v. *Tuttle,* 14 N. Y. 465. A practice still more lenient and liberal is found in equity. *McDowell* v. *Langdon,* 3 Gray, 513. It has not been intended that any jurisdiction of the court shall conclude any party in another litigation, upon a fact or point upon which the mind of the court has not been exercised. And no less result can follow when, by reason of a division among the judges, there has been no actual determination upon the merits. Accordingly at common law no judgment or decree could be rendered by a divided court. *Proctor's Case,* 12 Co. 117. *Thornby* v. *Fleetwood,* 1 Stra. 383, 384. *Boulton* v. *Bull,* 2 H. Bl. 500. *Peacock* v. *Bell,* 1 Saund. 69. *Goddard* v. *Coffin,* Daveis, 381. The entry of a decree like that in question in this case stands wholly upon the somewhat recent practice of the supreme court. *Somerville* v. *Hamilton,* 4 Wheat. 230. *The Antelope,* 10 Wheat. 66. *Etting* v. *Bank of United States,* 11 Wheat. 59. See also *Bridge* v. *Johnson,* 5 Wend. 342; *Reed* v. *Davis,* 4 Pick. 217; *Guild* v. *Guild,* 15 Pick. 129; Com. Dig. Court, D 5; 2 Tidd's Pract. 930. A judgment affirmed on an equal division leaves the

question entirely open. *Morse* v. *Goold,* 1 Kernan, 281. It is not the exercise of a judicial jurisdiction, and should not be enforced in another suit. *Ewer* v. *Coffin,* 1 Cush. 28. 3 Bl. Com. 395. 2 Dan. Ch. Pr. 1192. 1 Greenl. Ev. § 530. *Van Dyck* v. *Van Beuren,* 2 Caines R. 103. No case has been found in which the decree of a divided court has been held to be a bar in another action. There are many cases which establish rules and principles leading to an opposite result. *Perine* v. *Dunn,* 4 Johns. Ch. 140. *Holmes* v. *Remsen,* 7 Johns. Ch. 286. *Walden* v. *Bodley,* 14 Pet. 156. *Foote* v. *Gibbs,* 1 Gray, 412. *Bigelow* v. *Winsor,* Ib. 299. A plea of a decree so obtained is of itself an attempt to take an unfair and unconscionable advantage. *Chesterfield* v. *Jansen,* 1 Atk. 301. *Bateman* v. *Willoe,* 1 Sch. & Lef. 205. *New England Bank* v. *Lewis,* 8 Pick. 113.

*E. Merwin & J. J. Storrow,* for the defendants, cited, in addition to some of the foregoing authorities, *Homer* v. *Fish,* 1 Pick. 440; *Shears* v. *Dusenbury,* 13 Gray, 292; *Jennison* v. *Springfield,* Ib. 544; *Stockton* v. *Ford,* 18 How. ( U. S.) 420; *Washington Bridge Co.* v. *Stewart,* 3 How. (U. S.) 413; *Simpson* v. *Hart,* 1 Johns. Ch. 95; *Trask* v. *Hartford & New Haven Railroad,* 2 Allen, 331; *Bennett* v. *Hood,* 1 Allen, 47; *Merriam* v. *Whittemore,* 5 Gray, 316; *Sargent* v. *Fitzpatrick,* 4 Gray, 511; *Burke* v. *Miller,* Ib. 114; *Greene* v. *Greene,* 2 Gray, 364 : *Foote* v. *Gibbs,* 1 Gray, 412; *Adams* v. *Pearson,* 7 Pick. 341; *Eaton* v. *Cooper,* 29 Verm. 444; *Wayman* v. *Southard,* 10 Wheat. 42.

CHAPMAN, J. The land which is the subject of the present suit is admitted to be the same which was demanded in the case reported in 14 Gray, 447. In that action, which was a writ of entry, the defendants in this suit recovered the legal title, so that it must be assumed to be in them now. The ground of the decision was, that the defendants were entitled to the land by virtue of conveyances from the plaintiff. The opinion is also expressed that they are entitled to it by virtue of a deed from his assignee in insolvency, and that his equitable claims are barred by a decree in a suit in equity rendered against him in the United States court. But it is remarked that, if he has any equitable interests, they must be tried by a suit in equity, and

cannot be regarded in an action at law.    The present suit is
brought to enforce his alleged equitable claims to the property.
The bill alleges, in substance, that the land was owned and pos-
sessed by him, with a paper-mill and machinery thereon; that
he was carrying on business in the mill; that he made a mort-
gage of the property to Jesse Sargeant; that Sargeant assigned
his mortgage to Stephen Barker; that Barker agreed for a cer-
tain consideration to convey the property to the plaintiff; that
he negotiated a sale to Larkin Thorndike, which was given up,
and a contract was made between him and Daniel Saunders,
Samuel Lawrence and John Nesmith, which is set forth, being
in substance an agreement that he should make a conditional
deed of the land to them, and that they should execute a certain
bond to him.    It is then alleged that he made the deed, but
that they did not make the bond; that they acted in behalf of
the Essex Company; that they afterwards decided not to take
the land from him; that they took a deed from Barker, con-
veyed their title to two of their associates in the Essex Com-
pany, and refused to execute their agreement with the plaintiff;
and that the company brought the action above referred to and
obtained the legal title and possession of the land, and have
sold portions of it, and are about to sell other portions.    The
bill prays that the deeds under which the defendants hold the
land may be declared void, a reconveyance to the plaintiff de-
creed, and an injunction granted against further sales.

The defendants plead in bar that the plaintiff brought his bill
in equity for the same cause of action in the circuit court of the
United States for the district of Massachusetts, in which he
sought the same relief in substance that he seeks in this bill;
that answers were filed to said bill, to which answers the plain-
tiff filed a replication; that testimony was taken and a hearing
was had; that certain relief was decreed to him, which he de-
clined to accept; that a further hearing was had, upon which
his bill was decreed to be dismissed; that he appealed to the
supreme court of the United States; that his appeal was heard
and argued at Washington, and thereupon it was decreed that
the final decree of the circuit court, dismissing his bill, should

stand affirmed, with costs for the defendants; that, upon the mandate of the supreme court being filed in the circuit court, the plaintiff moved that his bill might be dismissed without prejudice, but that the motion was denied, and it was decreed that execution should issue against him for costs.

The defendants further plead in bar their judgment in the writ of entry above mentioned. They also file an answer, denying the alleged fraud.

The plaintiff contends that neither the decree of the United States court nor the judgment in the writ of entry is a bar to this suit. He files a copy of the record of the decree entered in the supreme court of the United States, which is as follows:

" This cause came on to be heard on the transcript of the record from the circuit court of the United States for the district of Massachusetts, and was argued by counsel. On consideration whereof it is now here ordered, adjudged and decreed by this court that the decree of the said circuit court in this cause be, and the same is hereby, affirmed with costs. By a divided court."

The plaintiff's counsel properly admit in their argument that the suit above mentioned was for the same cause of action with the present suit, but contend that there was no decree entered in it which can be a bar to the present suit. The objection which they make to the decree is, that it purports to be made by a divided court.

In the English courts of common law, it was the early practice that, when the judges were equally divided in opinion upon an essential question of law, no judgment should be given. *Proctor's Case,* 12 Co. 117. But it has not been so in this commonwealth. If a cause is tried in this court before a single judge, and his ruling upon an essential point is excepted to, and the judges are equally divided in respect to it after argument, judgment is commonly rendered in conformity with his ruling. If he reserves questions of law for the consideration of the full court, and the judges are equally divided on a point which involves the plaintiff's right to recover, judgment is commonly rendered for the defendant. If a cause is brought up from a

lower court on a question of law by exception or appeal, and the judges are equally divided, the judgment of the lower court is commonly affirmed. In such cases the decision of the court relates to the questions of law which are raised, and not to the rendition of a final judgment. There is an agreement that it is expedient to render the judgment and thus finish the litigation. It is expedient in respect to the interests of the public, and it is often highly so in respect to the interests of the parties. There is also a strong presumption that a point decided by a single judge has been decided rightly, and it is reasonable in such cases that this presumption should stand. In New York the practice is similar to ours. *Bridge* v. *Johnson*, 5 Wend. 342. *Morse* v. *Goold*, 1 Kernan, 281. It is similar in the United States court. *Etting* v. *Bank of United States*, 11 Wheat. 59. The judgment of that court in the present case is an authority to the same point. The record has all the elements of a final decree. It purports to order, adjudge and decree that the decree of the circuit court be affirmed with costs. In its substance it would not have been different if the judges had agreed in every point unanimously. We do not understand the statement that it was rendered by a divided court to mean that they were divided as to the question whether it should be rendered, but merely as to the questions of law which had been involved in it. The statement was not intended to invalidate it as a decree; but to affect its value as a precedent in other cases, and to furnish a reason for not publishing an opinion of the court. But it was designed to be binding on the parties, and it is so. One of its effects is, that it is a bar to another suit for the same cause. Such has always been the effect of a decree dismissing a bill in equity after hearing, when it is not expressed to be dismissed without prejudice. See *Foote* v. *Gibbs*, 1 Gray, 412. The present suit being barred by that decree, it is not necessary to notice the other points that have been presented.

*Bill dismissed, with costs for defendants*